IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRITTI JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO._____ |
| | § | JURY TRIAL DEMANDED |
| TELETECH HOLDINGS INC., | § | |
| | § | |
| Defendant, | § | |

VIRITTI JACKSON'S ORIGINAL COMPLAINT

VIRITTI JACKSON, Plaintiff, files this Original Complaint against TeleTech Holdings Inc., Defendant, alleging willful violations of the American with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments of 2008 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1964, 42 U.S.C. § 1981 ("Section 1981"), and the Texas Commission on Human Rights Act, codified at Chapter 21 of the Texas Labor Code, Tex. Lab. Code Ann. § 21.001, et seq. ("Texas Labor Code").

PARTIES

1. VIRITTI JACKSON ("JACKSON") is an individual who is a citizen of the State of Texas.

2. TELETECH Holdings Inc. ("TELETECH") is a Colorado corporation with its principal office in Englewood, Colorado.  TELETECH does business in the State of Texas, which is the subject of this lawsuit.  TELETECH employed JACKSON in Richardson and Ennis, Texas.  TELETECH may be served with summons through its registered agent for service of process, CT Corporations System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

**VIRITTI JACKSON'S ORIGINAL COMPLAINT – Page 1**

## JURISDICTION AND VENUE

3. This Court has jurisdiction of JACKSON'S federal claims pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over JACKSON'S state law claims arising under the Texas Labor Code, Tex. Lab. Code §21.001, et seq., because the claims are so related to the federal law claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is proper in the United States District Court of the Northern District of Texas, Dallas Division, because the alleged unlawful employment practices were committed within the jurisdiction, the employment records relevant to such practices are maintained and administered within the jurisdiction, and/or this is the judicial district in which JACKSON worked or would have worked but for the alleged unlawful employment practices. Venue is also proper in this jurisdiction because a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in this judicial district. *See* 42 U.S.C. § 12117(a)(incorporating 42 U.S.C. § 2000e-5(f)(3)) and 28 U.S.C. § 1391(b)(1), (2), and (d).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All administrative prerequisites to the filing of this action have been completed.

7. This action is timely filed.

## FACTS

8. JACKSON worked as a Business Operations Coordinator (reclassified from Account Admin. and awaiting 1+ year for reclassification to Business Services Liaison) (BSL) in Richardson for TELETECH within acquisition from Optum/United Health Group.

**VIRITTI JACKSON'S ORIGINAL COMPLAINT** – Page 2

9. JACKSON has cervical and spinal stenosis. JACKSON was approved to take intermittent and continuous FMLA protected medical leave from May 2017 through April 2018. As of June 2017, JACKSON's access to company systems used and needed to complete work was blocked. TELETECH intentionally falsely claimed that JACKSON had used all her leave and did not qualify for her protected medical leave that she had already been using. After reporting the false leave, the Company's Leave Representative said that another Physician Certification was needed to support JACKSON's Continuous Leave and that if she was not returning by September 8th, to call the Attendance Line. JACKSON found all of it weird and unnecessary. Weird because the Attendance Line was for Agents, which she was not, not for Operations' employees and she did not need another Physicians Certification because her current approved Physician Certification covered all of her absences. On September 8th, JACKSON attempted to log into the Company's system from home but was unable to log into Kronos. This along with the Company's Leave Representative's statements among others, were the first signs that JACKSON had been placed on some sort of leave of absence or something had been changed about her in the Human Resources system.

10. During this time, Christina Jesttes who lived in Ennis but was not on the Kaiser Operations account, was trained to perform JACKSON'S job duties. Christina Jesttes was allegedly informed of and applied for a job posting for JACKSON'S job at the Ennis site while JACKSON was out. Christina Jesttes received JACKSON'S job and began performing her job, including participating in Kaiser meetings without Kaiser leadership approval.

11. Thereafter, JACKSON learned that she had been placed on LOA, involuntarily demoted and her requests for reasonable accommodations had been denied. Specifically, JACKSON learned that Andrew Maldonado and Nicole Paterka, Operations Managers, and

**VIRITTI JACKSON'S ORIGINAL COMPLAINT – Page 3**

Jennifer Young, HR Admin, took numerous actions to demote and/or force JACKSON out of her position through creating performance issues by changing information on reports JACKSON completed, blocked promotions and access to systems needed to complete work, and consistently denied JACKSON'S accommodation requests for intermittent ability to work from home in attempts for corrective action to which JACKSON complained about.

12. JACKSON was the only Kaiser Operations employee in Texas who was terminated. No other similarly situated employee of Kaiser Operations at the Richardson, Texas site were terminated.

13. In September 2017, TELETECH terminated JACKSON.

## CAUSES OF ACTION

A. *Disability Discrimination and Retaliation and Texas Labor Code*

14. JACKSON incorporates the preceding paragraphs as if fully stated herein.

15. Defendant violated the Americans with Disabilities Act and the Texas Labor Code by terminating JACKSON.

16. Under 42 U.S.C. § 12112 and the Texas Labor Code § 21.051 it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability, her record of having a disability, and/or because the employer regards the individual as a person with a disability.

17. Defendant is an employer under the ADA and the Texas Labor Code.

18. JACKSON has a disability, has a record of having a disability, and/or was regarded as disabled.

19. At the time of his termination, JACKSON was qualified for and could perform the essential functions of her job despite her disability at the time of her termination or a

**VIRITTI JACKSON'S ORIGINAL COMPLAINT** – Page 4

reasonable accommodation would have enabled her to perform the essential functions of the job.

20. JACKSON was meeting her employer's expectations.

21. JACKSON was terminated because of her disability and/or because Defendant regarded JACKSON as a person with a disability.

22. Defendant violated both the ADA and the Texas Labor Code by intentionally discriminating against JACKSON because of her disability by terminating her employment. JACKSON'S disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate JACKSON'S employment. JACKSON'S disability and/or Defendant's perception of JACKSON as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to JACKSON.

23. The effect of the practices complained of above has been to deprive JACKSON of equal employment opportunities and to otherwise adversely affect her status as an employee based on disability.

24. Defendant's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of JACKSON'S injuries.

25. As a result of Defendant's unlawful conduct, JACKSON has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. JACKSON has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain

and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

26. Defendant intentionally engaged in an unlawful employment practice by discriminating against JACKSON because of her disability, her record of having a disability, and/or because Defendant regarded JACKSON as being disabled. JACKSON additionally seeks compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

27. The unlawful employment practices complained of above were done intentionally, with malice and/or with reckless indifference to JACKSON'S rights. JACKSON is accordingly entitled to punitive damages.

28. As a result of Defendant's discriminatory conduct, JACKSON was forced to retain legal counsel to file this lawsuit to redress the harms inflicted upon her. Accordingly, JACKSON seeks attorney's fees, expenses, expert witness fees, and costs under 42 U.S.C. § 12205 and Tex. Labor Code § 21.259 for the preparation and trial of this case, post-trial, pre-appeal legal services, and any appeals.

B.   *Failure to Accommodate in Violation of ADA and Texas Labor Code*

29. JACKSON incorporates the preceding paragraphs as if fully stated herein.

30. Defendant violated the Americans with Disabilities Act and the Texas Labor Code by failing to accommodate JACKSON'S disability by firing her instead of honoring her existing protected leave and accommodation already approved. 42 U.S.C. § 12101 et. seq.; Tex. Labor Code § 21.001 et seq.

31. Under 42 U.S.C. § 12112(b)(5)(A) and the Texas Labor Code § 21.051 an

employer must make a reasonable accommodation to an otherwise qualified employee with a disability unless doing so would impose an undue hardship.

32. Defendant is an employer under the ADA and the Texas Labor Code.

33. JACKSON has a disability within the meaning of the ADA and the Texas Labor Code.

34. Defendant had notice of JACKSON'S disability.

35. With a reasonable accommodation JACKSON could perform the essential functions of her job.

36. Defendant terminated JACKSON'S existing accommodation, prohibited and refused to accommodate her disability.

37. The effect of the practices complained of above has been to deprive JACKSON of equal employment opportunities and to otherwise adversely affect her status as an employee based on disability.

38. Defendant's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of JACKSON'S injuries.

39. As a result of Defendant's unlawful conduct, JACKSON has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. JACKSON has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain

and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

40. Defendant intentionally engaged in an unlawful employment practice by discriminating against JACKSON because of her disability, her record of having a disability, and/or because Defendant regarded JACKSON as being disabled. JACKSON additionally seeks compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

41. The unlawful employment practices complained of above were done intentionally, with malice and/or with reckless indifference to JACKSON'S rights. JACKSON is accordingly entitled to punitive damages.

42. As a result of DEFENDANT'S discriminatory conduct, JACKSON was forced to retain legal counsel to file this lawsuit to redress the harms inflicted upon him. Accordingly, JACKSON seeks attorney's fees, expenses, expert witness fees, and costs under 42 U.S.C. § 12205 and Tex. Labor Code § 21.259 for the preparation and trial of this case, post-trial, pre-appeal legal services, and any appeals.

C.   *Failure to Engage in Interactive Process in Violation of ADA (29 C.F.R. § 1630.2(0)(3) and Texas Labor Code*

43. JACKSON incorporates the preceding paragraphs as if fully stated herein.

44. Defendant violated the Americans with Disabilities Act and the Texas Labor Code by failing to honor previously approved accommodation already in use and/or initiate an informal, interactive process to identify any reasonable accommodation.

45. Under 42 U.S.C. § 12112(b)(5)(A) and the Texas Labor Code § 21.001, et seq. an

**VIRITTI JACKSON'S ORIGINAL COMPLAINT** – Page 8

employer must initiate an informal, interactive process with a disabled employee to determine an appropriate reasonable accommodation for her disability limitations.

46. JACKSON'S disability, resulting limitations, and necessary reasonable accommodations were open, obvious, and apparent to Defendant.

47. JACKSON identified her disability and resulting limitations and requested and had been approved for the reasonable accommodation to Work From Home.

48. Defendant failed to engage in a good-faith, meaningful dialogue with JACKSON to find the best means of accommodating her disability/limitations.

49. The effect of the practices complained of above has been to deprive JACKSON of equal employment opportunities and to otherwise adversely affect her status as an employee based on disability.

50. Defendant's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of JACKSON'S injuries.

51. As a result of Defendant's unlawful conduct, JACKSON has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. JACKSON has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

52. Defendant intentionally engaged in an unlawful employment practice

by discriminating against JACKSON because of her disability, her record of having a disability, and/or because Defendant regarded JACKSON as being disabled. JACKSON additionally seeks compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

53. The unlawful employment practices complained of above were done intentionally, with malice and/or with reckless indifference to JACKSON'S rights. JACKSON is accordingly entitled to punitive damages.

54. As a result of Defendant's discriminatory conduct, JACKSON was forced to retain legal counsel to file this lawsuit to redress the harms inflicted upon him. Accordingly, JACKSON seeks attorney's fees, expenses, expert witness fees, and costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21.259 for the preparation and trial of this case, post-trial, pre-appeal legal services, and any appeals.

D.   *Violation of Family and Medical Leave Act*

55. One reason that the Family and Medical Leave Act was enacted was to protect people facing serious medical conditions from dismissal when they need time off to deal with medical issues. Defendant through its Managers Andrew Maldonado and Nicole Paterka specifically held it against Plaintiff that she occasionally needed time off for her medical needs. This clearly interfered with Plaintiff's right to use leave and thus violated the FMLA.

56. Defendant wanted to impose on Plaintiff, as a result of her occasional need to use leave, a permanent demotion and segregation to a lower position and ultimately termination.

E.   *TITLE VII, SECTION 1981, AND CHAPTER 21*

57. JACKSON incorporates the preceding paragraphs as if fully stated herein.

**VIRITTI JACKSON'S ORIGINAL COMPLAINT** – Page 10

58. JACKSON is a member of a protected class (African-American).

59. Defendant's actions as described above constitute intentional discrimination under Title VII, Section 1981, Chapter 21. Specifically, Defendant treated non-African-American more favorable than African-Americans, including JACKSON, demoted JACKSON, failed to promote and terminated JACKSON while promoting less qualified non-African-American workers. JACKSON'S employment was terminated for an issue that similarly situated non-African-Americans had not been terminated for solely because of JACKSON'S race, in whole or in part.

60. The effect of the practices complained of above have been to deprive JACKSON of her federally protected rights because of her race.

61. As a result of Defendant's actions, JACKSON has suffered and expects to continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with employment.

62. As a further result of Defendant's actions, JACKSON has suffered non-pecuniary losses, including, inter alia, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses.

63. The unlawful employment practices complained of above were intentional. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of JACKSON. JACKSON is accordingly entitled to punitive damages.

64. Defendant's discriminatory conduct forced JACKSON to retain legal counsel to file this lawsuit to redress the harms inflicted upon her. Consequently, JACKSON seeks attorney's fees, expert witness fees, and costs under Title VII, Section 1981, and Chapter 21.

**VIRITTI JACKSON'S ORIGINAL COMPLAINT** – Page 11

## JURY TRIAL REQUEST

65. JACKSON requests a trial by jury.

## DAMAGES

66. The damages suffered by the Plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the Defendant, including, but not limited to, emotional distress and loss of enjoyment of life.

67. Further, the Plaintiff seeks an award of exemplary damages under her ADA claim because the Defendant's actions were of the sort that render the imposition of exemplary damages appropriate.

68. And, because the Defendant's actions were willful and thus render the imposition of liquidated damages appropriate, the Plaintiff is entitled to an award of those multiple damages under the FMLA.

## RELIEF REQUESTED

The Plaintiff asks this Court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of Title VII, Section 1981 Civil Rights Act, the Americans with Disabilities Act and the Family and Medical Leave Act;

2. Enjoining and permanently restraining these violations of law;

3. Directing the Defendant to pay the Plaintiff actual and compensatory damages that she suffered, past and future;

4. Order Defendants to make whole Viritti Jackson by providing appropriate backpay, including but not limited to, lost wages and employment benefits, in amounts to be determined at trial;

**VIRITTI JACKSON'S ORIGINAL COMPLAINT – Page 12**

5. Ordering that the Plaintiff be reinstated or, in the alternative, awarded front pay;

6. Directing the Defendant to pay Plaintiff exemplary damages for its conduct in an amount yet to be ascertained;

7. Directing the Defendant to pay Plaintiff liquidated damages for its conduct in an amount yet to be ascertained;

8. Awarding Plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

9. Order Defendants to make whole Viritti Jackson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

10. Order Defendants to make Viritti Jackson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial;

11. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees, expert witness fees, and court costs;

12. Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

13. Awarding Plaintiff such other relief, legal or equitable, as may be warranted.

**VIRITTI JACKSON'S ORIGINAL COMPLAINT – Page 13**

Respectfully submitted,

*/s/ Karen D. McCloud*

_____
Karen D. McCloud
Texas Bar No. 24013125
KAREN D. MCCLOUD, P.C.
2626 Cole Avenue, Suite 300
Dallas, Texas 75204
Telephone: 214-651-6700
Facsimile: 214-651-6701
Email: kmccloud@karenmccloud.com

**ATTORNEY FOR PLAINTIFF
VIRITTI JACKSON**

**<u>VIRITTI JACKSON'S ORIGINAL COMPLAINT</u> – Page 14**