# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **VIRITTI JACKSON,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:20-cv-00321-E |
| | § | |
| **TELETECH HOLDINGS, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Viritti Jackson's counsel Karen D. McCloud died in April 2020. Thereafter, Defendant Teletech Holdings, Inc. filed an Unopposed Motion to Extend Time to Answer and, in a stipulation attached to the motion, attorney Krisi Kastl agreed, on behalf of Plaintiff, to (1) correct the lawsuit to name TTECH Healthcare Solutions as the defendant and (2) dismiss TeleTech Holdings, Inc. (Doc. 14-1). Because Kastl had not entered an appearance on behalf of Plaintiff in this case, the Court entered an order requiring the parties to file a joint notice on the status of replacing counsel for Plaintiff by June 12, 2020 if new counsel had not yet entered an appearance and filed an amended complaint by that date (Doc. 15).

In a June 12, 2020 Joint Notice on Status of New Counsel (Doc. 16), which was signed by Kastl on behalf of McCloud, the parties advised that Plaintiff expected new counsel to enter an appearance and file an amended complaint by July 13, 2020. When no appearance of counsel was entered or amended complaint filed, the Court entered a second order requiring the parties to file a joint status report by August 7, 2020 (Doc. 17). Defendant filed a report informing the Court that it had attempted to contact Kastl, on behalf of Plaintiff, to inquire about the status of new counsel, but had not received a response (Doc. 18). Thereafter, the Court entered an order

requiring that Plaintiff advise the Court in writing, on or before October 4, 2020, if she had retained new counsel and, if no counsel had entered an appearance for Plaintiff by that date, this case would proceed with Plaintiff representing herself pro se.

Neither Plaintiff nor counsel for Plaintiff made an appearance, and, on June 23, 2021, the Court entered an order requiring Plaintiff to show cause in writing by July 7, 2021 why her claims as to Defendant should be retained on the docket (Doc. 20). The Order advised that Plaintiff's claims would be dismissed without further notice in the event she did not respond. To date, the Court has not received a response. Accordingly, it is **ORDERED** that Plaintiff's claims against Defendant in this action are dismissed. *See* FED. R. CIV. P. 41(b); *Campbell v. Wilkinson*, 988 F.3d 798, 798 (5th Cir. 2021) ("Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion").

So **ORDERED**; signed July 13, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE